IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DWAYNE LEON SHEPHERD, JR., | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 25-6328-KSM |
| JUDGE REGINA ARMITAGE, *et al.*, | |
| Defendants. | |

MEMORANDUM

**Marston, J.**                                                **February 17, 2026**

Pro se Plaintiff Dwayne Leon Shepherd, Jr. filed this civil rights action based on his arrest and pending criminal prosecution in state court. (Doc. No. 1.) Shepherd sues three officers of the state court: the Honorable Regina Armitage of the Bucks County Magisterial District ("Judge Armitage"), Clerk of Courts Eileen Harnett Albillar ("Clerk Albillar"), and former Bucks County District Attorney Jennifer Schorn ("DA Schorn").[1,2] Currently before the Court are two motions to dismiss the Complaint filed by Judge Armitage and Clerk Albillar. (Doc. Nos. 10, 11.) Shepherd has not filed an opposition. For the following reasons, the Court will grant Judge Armitage's motion, deny Clerk Albillar's motion as moot, and dismiss the Complaint as to both moving Defendants with prejudice.

---

[1] While Plaintiff spells DA Schorn's name as "Schron," public documents reflect the proper spelling is "Schorn." *See* Kamryn Scrivens, Fox29 Philadelphia, *Bucks County DA Jennifer Schorn ends 26 years, transitions to state cold case role* (Jan. 2, 2026) (last accessed February 7, 2026), available at: https://www.fox29.com/news/bucks-county-da-jennifer-schorn-ends-26-years-takes-state-cold-cases.

[2] As discussed in a contemporaneously filed order, because DA Schorn has not yet been properly served, she has not appeared in this action. (S*ee* Doc. Nos. 7–8.)

## I.    BACKGROUND[3]

Public dockets reflect, and the Complaint alleges, that Shepherd was charged with simple assault, aggravated assault, abuse of care of a dependent person, endangering the welfare of children, and harassment in the Bucks County Magisterial District on October 10, 2025. *Commonwealth v. Shepherd Jr.*, No. MJ-07208-CR-0000348-2025 (Bucks Cnty. Mag. Ct.); (*see also* Doc. No. 1 ¶ 8).  Shepherd's criminal case was assigned to Judge Armitage. *Commonwealth v. Shepherd Jr.*, No. MJ-07208-CR-0000348-2025 (Bucks Cnty. Mag. Ct.).  And Shepherd alleges that Clerk Albillar was "acting as Clerk of Court[s]" in the same criminal action (Doc. No. 1 ¶ 7), though this is not reflected on the public docket, *see Commonwealth v. Shepherd Jr.*, No. MJ-07208-CR-0000348-2025 (Bucks Cnty. Mag. Ct.).  On January 12, 2026, Plaintiff's case in the Magisterial District was transferred to the Court of Common Pleas of Bucks County, and the Magisterial District case was closed.[4]  *Id.*

In the instant civil action, Shepherd challenges the constitutionality and legality of this initial state prosecution in the Magisterial District.  (Doc. No. 1 ¶¶ 1–2.)  In support, he alleges that "[t]here was never an indictment obtained or filed" in his case, which violates his "constitutionally protected due process rights."  (*Id.* ¶ 9.)  He then details conclusory and limited allegations against the two moving Defendants.  Regarding Judge Armitage, Shepherd alleges that she is "getting rich by investing in the bonds being taken out in defendant['s] name" and has

---

[3] In determining whether the Complaint states a claim, the Court considers Shepherd's allegations; exhibits attached to the Complaint; and matters of public record, including state court dockets.  *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *M & M Stone Co. v. Commonwealth*, 388 Fed. App'x 156, 162 (3d Cir. 2010).

[4] Magisterial Courts in the Commonwealth of Pennsylvania are courts of limited jurisdiction, and only handle arraignments and preliminary hearings for criminal actions.  *See* 42 Pa. Cons. Stat. § 1515.  Those two portions of Shepherd's case were completed on January 5, 2026, and then the case was transferred to the Court of Common Pleas of Bucks County.  *Commonwealth v. Shepherd Jr.*, No. MJ-07208-CR-0000348-2025 (Bucks Cnty. Mag. Ct.).

violated due process "by allowing a criminal action to commence against" him.  (*Id.* at ¶¶ 10, 16.)  Regarding Clerk Albillar, he alleges she "used [Shepherd's] social security number without [his] consent . . . [which] is identity theft" and that she has "falsified, counterfeited, altered and or misrepresented securities to gain unjust enrichment."  (*Id.* at ¶¶ 18, 21.)

Based on these allegations, Shepherd has sued Judge Armitage and Clerk Albillar asserting:  (1) his criminal prosecution was unlawful under federal and state law because there was no "indictment of record"; and (2) he is the victim of identity theft, making false statements, mail and wire fraud, securities fraud, securities manipulation, fraudulent interstate transactions, and conspiracy.  (Doc. No. 1 at ¶¶ 23–30.)  Shepherd argues these actions by moving Defendants were made in furtherance of violations of Shepherd's right to due process under the Fifth Amendment to the United States Constitution and 42 U.S.C. § 1983.  (*Id.*)  On those bases, he asks the Court to void the criminal charges against him and to issue a temporary restraining order and preliminary injunction enjoining his state prosecution.  (*Id.* at 25, 31–32.)

Judge Armitage and Clerk Albillar have moved to dismiss all the claims against them.  (*See generally* Doc. Nos. 10–11.)  Judge Armitage argues that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) due to Eleventh Amendment immunity.[5]  Additionally, Clerk Albillar moves under Rule 12(b)(1), but also Federal Rule of

---

[5] Judge Armitage has also moved to dismiss on other grounds, namely judicial immunity, *Younger* abstention, the Anti-Injunction Act, and failure to state a claim upon which relief can be granted.  (*See generally* Doc. No. 11.)  Because the Court grants Judge Armitage's motions on Eleventh Amendment grounds, we do not reach those additional arguments.  Though, the Court notes that Judges are generally entitled to absolute immunity from claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006).  And public policy also favors dismissal of all claims against Judge Armitage.  *See Waris v. Frick*, No. 06cv5189, 2007 WL 954108, *9 (E.D. Pa. Mar. 28, 2007) ("[T]he purposes of judicial immunity and the limitations of injunctive relief in 42 U.S.C. § 1983 would be ill-served if judges routinely were forced to defend against declaratory judgment actions like this one, where their immunity obviously shields them from liability for money damages.").

Civil Procedure 12(b)(6), and argues Shepherd's Complaint contains "allegations that are completely devoid of merit and wholly insubstantial and frivolous." (Doc. No. 10 ¶ 19.)

## II.      LEGAL STANDARDS

Judge Armitage's assertion of Eleventh Amendment immunity is properly considered "a motion to dismiss the complaint for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1)." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). And "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction [as to all defendants] if it is in doubt." *Nesbit v. Gears Unlimited*, Inc., 347 F.3d 72, 76–77 (3d Cir. 2003) (internal citations omitted). And, even though Clerk Albillar did not raise Eleventh Amendment immunity in her motion to dismiss, the Court can consider it sua sponte at the motion to dismiss stage. *See Anderson v. Local 435 Union*, 791 F. App'x 328, 332; *see also In re Kish*, 212 B.R. 808, 814–15 (D.N.J. 1997) ("A state defendant does not waive its Eleventh Amendment immunity by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), by failing to raise the Eleventh Amendment before the trial court, or by seeking judgment in its favor."). As the Court finds that it lacks jurisdiction under the Eleventh Amendment for the claims asserted against both Judge Armitage and Clerk Albillar, we need only discuss the Rule 12(b)(1) standard.

"Rule 12(b)(1) governs jurisdictional challenges to a complaint." *Williams v. Litton Loan Servicing*, No. 16cv5301, 2018 WL 6600097, at *5 (D.N.J. Dec. 17, 2018). "In deciding a motion under Rule 12(b)(1), a court must first determine whether the movant presents a facial or factual attack, because that distinction determines how the pleadings are reviewed." *Orden v. Borough of Woodstown*, 181 F. Supp. 3d 237, 243 (D.N.J. Dec. 11, 2015); *see also Gould Elecs.*

*Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000) ("A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.").

A facial attack "contests the sufficiency of the complaint because of a defect on its face," and the court considers only the "allegations in the complaint, along with documents referenced therein, in the light most favorable to the nonmoving party." *Williams*, 2018 WL 6600097, at *5 (quotation marks omitted). "Thus, we consider whether Plaintiffs' allegations, attached documents, and referenced proceedings establish the necessary jurisdiction . . . ." *Myers v. Caliber Home Loans, Seterus, Inc.*, No. 19cv596, 2019 WL 4393377, at *3 (M.D. Pa. Sept. 13, 2019).

## III.    DISCUSSION

As noted above, Shepherd brings claims against the moving Defendants for alleged constitutional due process violations under 42 U.S.C. § 1983 and for fraud and conspiracy in furtherance of such violations. (Doc. No. 1 at ¶¶ 23–32.) Shepherd further claims that because his state prosecution was allegedly unlawful from the start, he asks this Court to issue an injunction voiding the prosecution.[6] (*Id.*) But, as the Court finds that Judge Armitage and Clerk Albillar are immune from suit under the Eleventh Amendment, the Court will instead dismiss Shepherd's suit with prejudice.

Shepherd's claims (Doc. No. 1, Counts I–IV) are, at their core, challenges to the state prosecution that was begun in Bucks County Magisterial Court. (*See generally id.*) Shepherd seeks this Court's intervention because he alleges there was no indictment filed in Magisterial

---

[6] As the Court discussed above, Shepherd's case in Bucks County Magisterial Court is now closed. (*See supra* at 4 & n.4.) As such, any request in the Complaint for an injunction voiding the prosecution in that court is moot. *See Miller v. Little*, No. 21cv01941, 2022 WL 2070282, at *2 (M.D. Pa. June 8, 2022) ("A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm." (quotation marks omitted).)

Court and Judge Armitage "is unjustly getting rich by investing in the securities" that were created by Clerk Albillar "without [Plaintiff's] consent" through initiating and conducting his criminal case. (Doc. No. 1 at ¶¶ 7, 10.) But even taking his allegations as true, Shepherd is merely alleging moving Defendants are acting in their official capacities as judge and clerk, respectively. As such, each is entitled to Eleventh Amendment immunity.

The Eleventh Amendment's sovereign immunity clause bars suits seeking monetary damages against a state and its agencies in federal court, unless a state consents to the contrary. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 99–100; *A.W. v. Jersey City Pub. Sch.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived its immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Judge Armitage is a judicial officer of Magisterial District 07-2-08, which is an entity of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. Cons. Stat. § 301(9). The Third Circuit Court of Appeals has held that state courts, and their officers, as a part of the Commonwealth's unified judicial system, are immune from suit in federal court pursuant to the Eleventh Amendment. *See Banks v. Court of Common Pleas FJD*, 342 F. App'x 818, 820 (3d Cir. 2009). And "[a]s the Clerk of Court[s], [Clerk Albillar] has the protection of Eleventh Amendment immunity and quasi-judicial immunity in h[er] official capacity." *Arndt v. Bortner*, No. 14cv1993, 2014 WL 5425423, at *2 (M.D. Pa. Oct. 22, 2014). Here, Shepherd's claims against Judge Armitage and Clerk Albillar are based on (1) the judicial decisions Judge Armitage has made and actions she took while presiding over Shepherd's criminal case and (2) Clerk Albillar's alleged actions related to her official capacity as Clerk of Courts of Bucks County. Thus, Shepherd's claims are barred by the Eleventh Amendment and will be dismissed with prejudice as to Judge Armitage and Clerk Albillar.

6

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Judge Armitage's motion to dismiss, and because the Court finds that we must dismiss this action against Clerk Albillar for the same reasons we dismiss against Judge Armitage, we will deny Clerk Albillar's motion to dismiss as moot. *See, e.g.*, *Anderson*, 791 F. App'x at 332 (affirming district court's sua sponte dismissal of complaint against non-moving defendant based on the same grounds raised by moving defendant, where plaintiff "had the opportunity to defend the sufficiency of those identical claims in response to [moving defendant's] motion to dismiss"); *Coulter v. Unknown Probation Officer*, 562 F. App'x 87, 89 n.2 (3d Cir. 2014) (affirming district court's sua sponte dismissal of complaint for failure to state a claim against a non-moving defendant based on grounds raised by moving defendants but common to all defendants and where plaintiff had an opportunity to respond).  Shepherd will not be given leave to amend these claims because amendment would be futile. *See Peeples v. Citta*, 501 F. App'x 109, 111 (3d Cir. 2012) (affirming District Court order declining leave to amend due to inability "to overcome judicial immunity"); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (same).[7]

An appropriate Order follows.

---

[7] To the extent Shepherd takes issue with the ongoing criminal prosecution of him by the Commonwealth of Pennsylvania, the Court *again* advises him that his state court criminal case is the proper forum to challenge the validity of the criminal charges asserted against him and it provides him an opportunity to present any defenses. *See Shepherd v. Ferman*, No. 25cv6105, 2025 WL 3706608, at *6 n.8 (E.D. Pa. Dec. 22, 2025).